# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-3453

———————

Charlie Anderson,

        Plaintiff - Appellant,

v.

AstraZeneca, L.P.,

        Defendant - Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: June 13, 2012
Filed: July 25, 2012

———————

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

      Charlie Anderson appeals from the district court's[1] adverse grant of summary judgment on his 42 U.S.C. § 1981 suit against AstraZeneca, L.P. Anderson brought four separate claims under § 1981: promotion discrimination, retaliation, general discrimination, and harassment. The district court granted the defendant's motion for summary judgment, finding that Anderson's claims about promotion discrimination were barred by an Iowa statute of limitations and his other claims failed to establish

———————

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

a prima facie case of discrimination. We review a grant of summary judgment de novo. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Anderson purports to offer "numerous material facts" that the district court failed to consider in granting summary judgment,[2] however no facts in the actual record address the specific defects in his prima facie case of discrimination as already identified by the district court. Upon careful de novo review, we conclude that summary judgment was properly granted. See 8th Cir. R. 47B.

Anderson also challenges on appeal the district court's rulings on three motions Anderson filed before the grant of summary judgment. First, Anderson argues that the district court abused its discretion by striking the affidavits of four witnesses. As the district court explained in its order on August 24, 2011, Anderson failed to disclose each witness in his Rule 26(a) disclosures or during the course of discovery, and as a result, AstraZeneca did not have a full and fair opportunity to depose the witnesses about their testimony. See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."). The district court did not abuse its discretion by striking these affidavits. See Brannon v. Luco Mop Co., 521 F.3d 843, 847 (8th Cir. 2008) (standard of review).

We also reject as meritless Anderson's arguments that the district court abused its discretion in denying his motion for discovery sanctions and his motion to unseal the district court file. The district court based the denial of Anderson's motion for sanctions on the fact that AstraZeneca had not violated any discovery order. Furthermore, the case was not under seal by court order; rather, certain documents

[2]The district court, on multiple occasions, noted that Anderson's assertions of fact were unsupported by specific citations to the record. See Fed. R. Civ. P. 56(c)(1) (requiring factual disputes to be established by citation to the record); LR 56(b) (responses to statement of facts must be supported by citations to the appendix).

were filed under seal pursuant to a protective order agreed to by the parties at the onset of discovery.

Accordingly, we affirm the judgment of the district court.

_____